[Cite as *State v. Hough*, 2011-Ohio-6425.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO/ | ) | |
| CITY OF YOUNGSTOWN, | ) | CASE NO.  10 MA 178 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| YASMIN HOUGH, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:           Criminal Appeal from Youngstown
                                                            Municipal Court,
                                                            Case No. 09 CRB 2871

JUDGMENT:                                           Affirmed.

APPEARANCES:
For Plaintiff-Appellee:                          Attorney Joseph Macejko
                                                            City Prosecutor
                                                            Attorney John Marsh, Jr.
                                                            Assistant City Prosecutor
                                                            26 S. Phelps Street, 4th Floor
                                                            Youngstown, OH  44503

For Defendant-Appellant:                     Attorney John A. Ams
                                                            134 Westchester Drive
                                                            Youngstown, OH  44515

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

                                                            Dated:  December 7, 2011

DeGenaro, J.

{¶1} Defendant-Appellant, Yasmin Hough, appeals the November 17, 2010 judgment of Youngstown Municipal Court convicting her of one count of aggravated menacing following a no contest plea, and sentencing her accordingly. Hough challenges aspects of both the plea and sentence, arguing that the trial court abused its discretion by imposing a sentence greater than that recommended by the State, without adequately informing her during the plea hearing that it was not bound by that recommendation.

{¶2} Hough's assignment of error is meritless. First, the written plea agreement, which Hough signed, stated that the court was not bound by the recommended sentence; and counsel's comments during the plea hearing indicate Hough understood this. Second, Hough's plea was not otherwise unknowing, involuntary or unintelligent and the sentence chosen by the trial court is reasonable. Accordingly, the judgment of the trial court is affirmed.

## Facts and Procedural History

{¶3} On December 3, 2009, Hough was charged by complaint with one count of aggravated menacing (R.C. 2903.21), a first-degree misdemeanor, for allegedly threatening to kill several women at a transitional housing facility. A warrant was issued for her arrest and she was eventually apprehended. Hough initially pled not guilty and an attorney was appointed to represent her. Hough was ordered to have no contact with the victims. She waived her speedy trial rights and requested a bill of particulars, which the State provided.

{¶4} On November 17, 2010, Hough entered into a Crim.R. 11 plea agreement with the State. In exchange for Hough's no contest plea to the aggravated menacing charge, the State agreed to recommend the following sentence: a period of community control to include no contact with the victims, plus a fine and court costs. The plea agreement included a statement of the potential penalties of the charge (up to 180 days in jail and a $1,000 fine), along with a warning that the court may accept or reject all or part of the State's sentencing recommendation.

{¶5} The case was called for a combined plea and sentencing hearing on

October 8, 2010. Hough waived the introduction of evidence and stipulated to a finding of guilt. After engaging in a brief colloquy with Hough, the trial court accepted her plea.

{¶6} The court then proceeded to sentencing. Defense counsel made a statement in mitigation of sentence, pointing out that Hough was a student at Youngstown State University, and asserting that she had a "great record." The State agreed that her record was "fairly good," but noted that Hough had a domestic violence adjudication in 2006. Hough denied fault with respect to this adjudication, claiming instead to be the victim of domestic violence.

{¶7} The State stood by its sentencing recommendation; but alleged that Hough had made indirect contact with one of the victims by contacting several of her friends. Hough denied this allegation. The trial court reviewed the bill of particulars and remarked that the incident "appears * * * to have been an ugly matter at [Hough's] initiation."

{¶8} Contrary to the State's recommendation, the trial court sentenced Hough to 60 days in jail, one year of intensive probation, an anger management course, along with court costs and fees. The trial court ordered that Hough have absolutely no contact (direct or indirect) with the victims, their families or anyone at the transitional housing facility where the crime occurred. The court issued a sentencing entry on November 17, 2010, which was stayed pending appeal.

## Recommended Sentence

{¶9} In her sole assignment of error, Hough asserts:

{¶10} "The trial court abused its discretion when it imposed a sentence greater than that forming the inducement for the Defendant to plead guilty without informing the Defendant that it was not bound by the sentencing agreement with the State."

{¶11} This argument attacks both the adequacy of the plea, and the resulting sentence. Hough essentially argues that her no contest plea was not knowing, voluntary and intelligent insofar as the trial court failed to adequately inform her that it was not bound by the sentence recommended by the State in the plea agreement. Hough urges this court to vacate her plea for that reason.

{¶12} First, we must analyze the plea for compliance with Crim.R. 11. To ensure

that pleas are knowingly, intelligently, and voluntarily made, Crim.R. 11 sets forth specific procedural requirements the trial court must follow, depending upon the level of offense to which the defendant is pleading. *State v. Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419, 88 N.E.2d 635, at ¶25. Crim.R. 11(C)(2) applies to felony cases only. Id. at ¶27. Crim.R. 11(D) applies to cases involving "serious offenses," which are "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(C). Finally, Crim.R. 11(E) applies to misdemeanors involving "petty offenses," which are "a misdemeanor other than [a] serious offense." Crim.R. 2(D).

{¶13} Hough pled no contest to aggravated menacing, a first-degree misdemeanor, subject to a sentence of not more than 180 days, and thus a petty offense. R.C. 2903.21; R.C. 2929.24(A)(1); Crim.R. 2(D). "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." Crim.R. 11(E).

{¶14} A "trial court is required to inform the defendant only of the effect of the specific plea being entered," which, in this case, is a no contest plea. See *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, at ¶25. "[T]o satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B)." Id., paragraph two of the syllabus. A trial court may advise a defendant of the language of Crim.R. 11(B) "orally or in writing." Id. at ¶51.

{¶15} Crim.R. 11(B)(2) states that a "plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." Crim.R. 11(B).

{¶16} Before accepting her no contest plea, the trial court engaged in the following colloquy with Hough:

{¶17} "THE COURT: This is Case No. 09 CRB 2871, per Rule 11 negotiations and agreement the Defendant is withdrawing her previous plea of not guilty to the

aggravated menacing charge, which is a misdemeanor of the 1st degree, which has a potential penalty of a fine of up to $1,000, potential jail sentence of up to six months in jail. I see here, Yasmin [sic] Hough, that you intend to change your plea from not guilty to no contest."

{¶18} "MISS HOUGH: That's correct.

{¶19} "THE COURT: I must inform you a no contest plea stipulates that the Court may make a finding of guilty or not guilty based upon the facts presented or a stipulation and that the probabilities are that you will be found guilty. So given that information and understanding you are changing your plea to?

{¶20} "MISS HOUGH: No contest.

{¶21} "THE COURT: Very well. Further, a no contest plea waives certain legal rights. It waives your right to have a trial, a jury trial, to confront your accuser, ask questions and cross examine witnesses the State would bring forward to testify against you at trial, your right to subpoena witnesses to come and testify on your behalf, remain silent, raise any and all defenses you may have, testify at your own trial among other constitutional and statutory rights, including your right to appeal. Do you understand that you would be waiving those rights?

{¶22} "MISS HOUGH: Yes.

{¶23} "THE COURT: Very well. There is a finding of guilt.

{¶24} "[PROSECUTOR]: Your Honor, my apologies, it is my understanding part of the agreement was based on a waiver of introduction of evidence and stipulate [sic] to a finding of guilt.

{¶25} "[DEFENSE COUNSEL]: We so waive, Your Honor.

{¶26} "THE COURT: So noted. Thank you. I will proceed with the penalty. * * *"

{¶27} Although the trial court engaged in some discussion with Hough, it failed to notify her expressly that a no contest plea means "an admission of the truth of the facts alleged in the indictment." Further the trial court failed to inform her that the plea or admission shall not be used against her in any subsequent civil or criminal proceeding. Nor does the written plea agreement contain any information explaining the effect of a no

contest plea. However, in order to vacate a plea for failure to inform the defendant of the plea's effect, there must be prejudice, which means that the plea otherwise would not have been entered. *Jones*, supra at ¶52; see, also, *State v. Veney*, 120 Ohio St.3d 176, 179, 897 N.E.2d 621, 2008-Ohio-5200, at ¶15.

{¶28} There is no indication in the record that the facts were in dispute. To the contrary, Hough stipulated to a finding of guilt. Nor is there any indication that Hough would have changed her plea if she knew that "no contest" meant admitting to the truth of the facts in the complaint rather than admitting guilt (nor obviously, if she had been informed that the plea or admission could not be used against her in any subsequent proceeding.) Thus, Hough was not prejudiced. See, e.g., *State v. McGilton*, 7th Dist. No. 07 BE 9, 2008-Ohio-1185, at ¶28 (reaching the same conclusion under these circumstances). Accordingly, the trial court's failure to inform Hough of the effect of her no contest plea does not require reversal.

{¶29} Hough argues, nonetheless, that her plea was not knowingly made because the trial court failed to expressly inform her that it was not bound by the State's sentencing recommendation. A similar argument was raised and rejected by this court in *Youngstown v. Cohen*, 7th Dist. No. 07-MA-16, 2008-Ohio-1191.

{¶30} In *Cohen*, the appellant entered into a Crim.R. 11 plea agreement with the state in which he agreed to plead no contest to a petty misdemeanor, and in exchange the state agreed to dismiss a second petty misdemeanor charge and recommend probation. Contrary to the state's recommendation, the trial court sentenced Cohen to sixty days in jail with intensive probation to follow for eighteen months. On appeal to this court Cohen argued, inter alia, that his no contest plea was unknowing because the trial court failed to inform him that it was not bound by the recommended sentence. This court rejected that argument for two reasons, first because defense counsel's statements during the plea hearing ("asking" the Court for imposition of the community control sanctions as "recommended" by the prosecutor), demonstrated that the appellant "had a subjective understanding that a recommended sentence was not binding upon the court." *Cohen* at ¶68. Second, this court concluded that the written acknowledgement of the

plea and waiver of the trial rights, signed by the appellant and containing a statement that the appellant "understand[s] that the court may accept or reject all or part of the State of Ohio's sentencing recommendations," reconciled the potential ambiguity in the colloquy. Id. at ¶68. Both of these circumstances exist in this case.

**{¶31}** At the beginning of the plea hearing, defense counsel stated: "After negotiations between myself and the Prosecutor a Rule 11 agreement has been reached and is presently before this Court. We would *ask that the Court accept* the Rule 11 agreement, *including the recommended penalty* for Miss Hough." The court then informed Hough of the potential penalties for the aggravated menacing charge, to wit, a fine of up to $1000 and a jail sentence of up to six months.

**{¶32}** Further, the written plea agreement, signed by Hough and her counsel, lays out those same potential penalties and states:

**{¶33}** "I further understand that the court, upon acceptance of my plea, may proceed with judgment and sentence immediately subject to the potential penalties listed above. I further understand that the court may accept or reject all or part of the State of Ohio's sentence recommendations."

**{¶34}** As in *Cohen*, Hough's no contest plea was knowing, voluntary and intelligent, notwithstanding the court's failure to inform her during the plea hearing that it was not bound by the sentencing recommendation.

**{¶35}** Further, the trial court's chosen sentence was proper. Misdemeanor sentences are reviewed for an abuse of discretion. R.C. 2929.22; *State v. Frazier*, 158 Ohio App.3d 407, 2004-Ohio-4506, 815 N.E.2d 1155, at ¶15. An abuse of discretion means more than an error of judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144.

**{¶36}** R.C. 2929.22, the misdemeanor sentencing statute, lists factors a trial court must consider in determining the appropriate sentence to impose:

**{¶37}** "(a) The nature and circumstances of the offense or offenses;

**{¶38}** "(b) Whether the circumstances regarding the offender and the offense or

offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;

{¶39} "(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;

{¶40} "(d) Whether the victim's youth, age, disability, or other factors made the victim particularly vulnerable to the offense or made the impact of the offense more serious;

{¶41} "(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section." R.C. 2929.22(B)(1).

{¶42} Although the trial court did not expressly cite each of the factors, its comments during the sentencing hearing demonstrate that it did consider them, and further that the resulting sentence was reasonable. The trial court considered Hough's prior adjudication for domestic violence; the allegations (denied by Hough) that she had indirectly contacted the victims in this case after her arrest despite the no-contact order; and the nature of the crime, namely that there was a "potential of serious harm to a person or persons beyond the threats and the intimidation." Based on these considerations, the trial court's sentence of 60 days in jail, plus one year of intensive probation, was not an abuse of discretion.

{¶43} The cases cited by Hough in her brief do stand for the proposition that the trial court does not abuse its discretion by imposing greater than the recommended sentence if the defendant is forewarned, prior to entering the plea, that the court is not bound by the agreement. See, e.g., *State v. Darmour* (1987), 38 Ohio App.3d 160, 529 N.E.2d 208. And in all of the cases Hough cites, the forewarning occurred orally during the plea hearing. However, pursuant to *Cohen*, supra, a written warning is also sufficient.

**{¶44}** Thus, for all of the above reasons, Hough's assignment of error is meritless. Her no contest plea was knowing, voluntary and intelligent and the trial court's sentence was not an abuse of discretion. Accordingly, the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.