[Cite as *State v. Foose*, 2012-Ohio-6273.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 11 MA 206 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| EUGENE FOOSE | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from the Court of
Common Pleas of Mahoning County,
Ohio
Case No. 85 CR 339(C)

JUDGMENT:                Affirmed.

APPEARANCES:

For Plaintiff-Appellee:           Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant:          Atty. Rhys B. Cartwright-Jones
42 N. Phelps Street
Youngstown, Ohio 44503-1130

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

                          Dated: December 18, 2012

WAITE, P.J.

{¶1} In 1996, Appellant Eugene Foose was involved in the armed robbery and shooting deaths of patrons and a bartender at the Newport Inn in Youngstown. Appellant was a juvenile at the time. In 1997, Appellant, who was to be tried as an adult, was charged with six counts of complicity to commit aggravated murder, complicity to commit attempted aggravated murder with a firearms specification, and complicity to commit aggravated robbery. Appellant entered into a plea agreement with the state and pleaded guilty to an amended indictment. Prior to accepting Appellant's plea, the court explained the duration of his sentence and reminded him of the rights he would waive by entering a plea. The court sentenced Appellant to a total of 43 years in prison, which is the minimum sentence he could have received based on his plea.

{¶2} Appellant now seeks to withdraw the plea but has failed to produce any credible evidence or argument that could not have been raised at the time his plea was entered. Appellant's motion to withdraw his guilty plea, filed nearly fourteen years after the entry of plea, is not reasonable. The judgment of the trial court denying Appellant's motion to withdraw plea is affirmed.

Factual and Procedural History

{¶3} Appellant was one of six men involved in an armed robbery and several shootings at the Newport Inn in 1996. When Appellant entered his guilty plea to three of the seven counts against him in the original indictment, three other men involved in the shootings had been convicted in separate trials. Both Appellant, who was sixteen at the time, and the last remaining defendant waived their probable

cause hearing and agreed to be tried as adults. Appellant, with the consent of the victims, then reached a plea agreement under which the state would move to dismiss multiple aggravated murder, attempted aggravated murder, and mass murder specifications from the indictment. The remaining charges in the indictment were complicity to aggravated murder, attempted aggravated murder with a firearms specification, and aggravated robbery. Appellant signed a Crim.R. 11 plea form specifying in his own handwriting the charges to which he would plead: count 1: complicity to commit aggravated murder; count 4: complicity to attempt to commit aggravated murder with a firearms specification; and count 6: complicity to commit aggravated robbery. The Crim.R. 11 plea form included Appellant's representation that he had received and was satisfied with the advice of counsel and a statement that he understood that by pleading guilty he waived his constitutional and statutory rights to a jury trial and his right to require the State of Ohio to prove every element of the charges against him beyond a reasonable doubt. (11/4/97 Guilty Plea, p., 1.) Appellant also listed in his plea form the sentencing ranges to the three counts included in his plea: count 1 was 20 years to life imprisonment; count 4 was 10 to 25 years and count 6 was 10 to 25 years. There was also a firearm specification of 3 years, mandatory. He also certified that his plea was freely and voluntarily made. Appellant was also examined by the court in open court during his plea hearing. The trial court asked whether Appellant was satisfied with the representation and advice he received from his attorney. Appellant confirmed that he was. The court then explained:

**THE COURT**: You understand that you are entitled, like any other defendant in any other case, to important constitutional and statutory rights, and those rights start with your right to a jury trial * * * You have the right to require the State of Ohio to prove your guilt beyond a reasonable doubt on each and every element contained in that indictment right there. You have the right to have your attorney cross examine any witnesses that the State of Ohio would call at trial. If you had any witnesses that you wanted to bring forward to testify for you, you could do so by having subpoenas issued for them to appear * * * Do you understand all of those rights?

**THE DEFENDANT [APPELLANT]**: Yes, sir.

**THE COURT**: Do you understand that if you plead guilty to this amend -- this criminal rule 11 agreement that Mr. Franken has indicated, that you're giving up all of those rights? Do you understand that"

**THE DEFENDANT [APPELLANT]**: Yes, sir.

**THE COURT**: You also understand that the Court upon acceptance of your plea may proceed with judgment and sentence immediately and that you could be sentenced to, in Count 1, from 20 years to life; in Count 4, from 10 to 25 years; in Count 6, from 10 to 25 years with a mandatory three years on the firearm specification and that you could be sentenced, if this was consecutive, to 40 years to life, actually 43

years with the three years on the firearm specification; do you understand all of that?

**THE DEFENDANT [APPELLANT]**: Yes, sir.

(10/29/97 Plea Hearing Tr., pp. 3-6.) After explaining his rights to Appellant and confirming that he understood his plea, the court dismissed four of the seven counts against him, including the mass murder charge and five additional firearms specifications, and found that "the plea has been freely and voluntarily made with full knowledge of the consequences thereof" and that the "defendant[appellant] was advised of all of his constitutional rights; that he understood, waived and rejected them before entering his plea." (10/29/97 Plea Hearing Tr., p. 7.) Appellant signed his plea on October 29, 1997, and it was entered in the record on November 4, 1997. According to a 2009 statement by Appellant's mother, after Appellant's sentencing hearing and in response to her questions about the length of the sentence, Appellant's trial counsel told his mother that he would "talk" to Appellant and to the judge in ten years. (5/5/11 Reply Instanter, Exh. 1.)

{¶4} Several years later, on July 15, 2010, Appellant filed a petition to withdraw his guilty plea. The state opposed the petition on December 10, 2010. Appellant filed a motion for leave to reply to the state's opposition instanter, which was accepted by the court on May 5, 2011. The court overruled Appellant's petition to withdraw his guilty plea on November 30, 2011. Appellant filed a timely appeal of the entry denying his petition to withdraw his guilty plea. On appeal, Appellant's

single assignment of error challenges the court's discretion to deny his petition to withdraw his plea.

Argument and Law

ASSIGNMENT OF ERROR

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING MR. FOOSE'S CRIMINAL RULE 32.1 MOTION TO WITHDRAW HIS GUILTY PLEA.

{¶5} Criminal Rule 32.1 governs the withdrawal of a guilty or no contest plea. Ordinarily a motion to withdraw a plea may be made only prior to sentencing, however, the trial court is permitted to "set aside the judgment of conviction and permit the defendant to withdraw his or her plea" to "correct manifest injustice."

{¶6} A defendant seeking to withdraw a plea of guilty after the imposition of sentence "has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. "The logic behind this precept is to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe." *State v. Caraballo*, 17 Ohio St.3d 66, 67, 47 N.E.2d 627 (1985).

{¶7} When a defendant seeks to withdraw a guilty plea the request is "addressed to the sound discretion of the trial court, and the good faith, credibility, and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Smith*, *supra,* paragraph two of the syllabus. The review of a

trial court's decision in these matters "is somewhat limited as a motion made pursuant to Crim. R. 32.1 is left to the sound discretion of the trial court. It is that court which determines the credibility of a defendant's claim in support of the motion." *Caraballo* at 67, citing *Smith, supra*, paragraph two of the syllabus. "An undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim. R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *Id.*, paragraph three of the syllabus, also *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-5643, 773 N.E.2d 522, ¶14. "Under Crim.R. 11(B)(1), '[t]he plea of guilty is a complete admission of the defendant's guilt' * * * 'a counseled plea of guilty is an admission of factual guilt which removes issues of factual guilt from the case." (Internal citation omitted.) *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶92, citing *State v. Wilson*, 58 Ohio St.2d 52, 388 N.E.2d 745 (1979), paragraph one of the syllabus. In cases involving non-capital offenses, where the death penalty is not sought by the prosecution, a guilty plea waives any challenge to the sufficiency of the evidence. *Ketterer* at ¶93, also *Carpenter v. Mohr*, 163 F.3d 938, 946, (C.A.6, 1998).

**{¶8}** Appellant contends that he should be allowed to withdraw his plea because he was too intoxicated to possess the mental state necessary to commit the crimes to which he pled guilty. Appellant supports this claim with the affidavit of one of his former co-defendants. The co-defendant now claims that Appellant remained in the van and did not enter the Newport Inn during the commission of the various crimes because he had blacked out due to ingesting a combination of marijuana and

prescription drugs. The affiant also swears that Appellant did not have a firearm on his person while he was in the van. In addition to the affidavit of his co-defendant, Appellant further contends that he should be allowed to withdraw his plea because, according to a sworn statement from his mother, after Appellant entered his plea and was sentenced defense counsel told her that: "after Eugene [does] ten years, he would go talk to Eugene and then he will talk to the Judge." (5/5/11 Reply Instanter, Exh. 1.)

{¶9} Turning to Appellant's claims regarding his mental state at the time the crimes were committed, Appellant's guilty plea to a non-capital offense is a waiver of any challenge to the mental element of the crimes. To demonstrate manifest injustice in this instance. Appellant would have to produce evidence that there was some defect in the waiver made during his plea. *Smith, supra.* In addition to making a showing of manifest injustice, he must show that his request was made within a reasonable time and without undue delay. *Smith,* paragraphs one and two of the syllabus. Even if the information attached to Appellant's petition is correct, nothing suggests that the information Appellant has produced was not available to him prior to the entry of his plea. Appellant's own mental state during the commission of the crimes could not have been unknown to him at the time he entered his plea and Appellant's co-defendant is not a new witness or a witness unavailable to him at the time of his plea. All of this information remained in Appellant's possession for the thirteen years that elapsed between the entry of his plea and his 2010 petition to withdraw that plea. The fact that Appellant did not present a defense at the time and

has not raised this defense for the intervening thirteen years adversely impacts the credibility of his argument. *Id.,* paragraphs two and three of the syllabus. This appears to be a classic case of a change of heart, thirteen years after the plea was entered. Under these circumstances the trial court was entitled to discredit the information contained in the affidavit of the co-defendant, and we defer to that credibility determination. *Id.*, paragraph two of the syllabus. Further, Appellant at no time alleges that he was under the influence of any substance at the time he entered his plea and stated that he understood the effect of the plea, including waiver.

{¶10} Appellant also contends that his plea was not voluntarily entered due to the misadvice of counsel. The sole evidence he offers in support of this contention is a 2009 statement by his mother. According to this statement, Appellant's defense attorney promised to "talk to" Appellant and to the judge after ten years in prison had elapsed. According to Appellant's mother, this statement was made to her after the sentencing hearing concluded. Counsel contends that this statement can only be construed as a promise to seek judicial release after 10 years, a contention we find to be a stretch, at the very least. Even if counsel is accurate, Appellant is not entitled to the relief he seeks. Appellant, at the time he entered his plea, could in no way have relied on a statement made to his mother after he was sentenced. Further, even if the statement is taken at face value and given the benefit of complete credibility, Appellant could not have reasonably believed that a promise by the lawyer to talk to him and to the judge was a guarantee that he would be released in ten years. Even if Appellant would have been entitled to seek judicial release in 10 years, which he is

not based on his crimes [*see* former R.C. 2929.20(A)], a request for such release does not, of course, guarantee such relief will be granted. Moreover, because the alleged statement was made after he entered his plea, such misplaced reliance could not have altered his decision to plead guilty. The transcript of the hearing and his plea form clearly indicate Appellant was aware of his potential sentence as a result of the plea was 43 years to life in prison. Unlike the defendant in S*tate v. Mays*, 174 Ohio App.3d 681, 2008-Ohio-128, which Appellant urges us to apply, Appellant has not identified a pre-plea misstatement of substantive law. Instead, he claims he received a post-sentence promise that his lawyer would have a conversation with the judge. None of the circumstances which might reasonably be expected to flow from this "promise" remotely suggests the level of manifest injustice present in *Mays* and required in order to grant Appellant's request. Once again, we must note that the information presented by Appellant's mother was also available to Appellant for at least the last several years.

{¶11} Appellant, who has waived any challenge to the mental element of his crimes and has not shown any improper pre-plea promise was made to influence his plea, has not discharged his burden to show the existence of a manifest injustice. *Ketterer, supra*; Crim.R. 32.1. Appellant's tardy presentation of evidence available to him prior to and immediately after his plea hearing fourteen years later constitutes undue delay. *Smith*, *supra*, paragraph three of the syllabus and *Bush*, *supra*. Appellant's single assignment of error is overruled.

Conclusion

{¶12} Appellant's guilty plea waived any challenge to the sufficiency of the evidence. *Ketterer, supra*. Appellant's petition to withdraw his guilty plea failed to demonstrate manifest injustice in any way and it appears this petition was made only after undue delay. *Smith*, *supra*. For these reasons, his single assignment of error is overruled and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.