[Cite as *State v. Morrison*, 2018-Ohio-53.]

STATE OF OHIO, NOBLE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 16 NO 0441 |
| V. | ) | |
| | ) | OPINION |
| JERAD M. MORRISON, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Court of Common
Pleas of Noble County, Ohio
Case No. 212-2047

JUDGMENT:                                    Affirmed

APPEARANCES:
For Plaintiff-Appellee                       Attorney James L. Peters
                                                     Prosecutor
                                                     101 N. Main St., Room 15
                                                     Woodsfield, Ohio 43793

For Defendant-Appellant                  Jerad Morrison, Pro-se
                                                     #679-173
                                                     Belmont Correctional Inst.
                                                     P.O. Box 540
                                                     St. Clairsville, Ohio 43950

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated:January 2, 2018

DONOFRIO, J.

{¶1}   Defendant-appellant, Jerad Morrison, appeals the decision of the Noble County Court of Common Pleas to deny his motion to vacate his sentence and withdraw his guilty plea to one count of murder in violation of R.C. 2903.02(A), an unclassified felony.

{¶2}   Appellant was arrested and indicted for murder with a firearm specification. Appellant initially entered a not guilty plea to the charge. Through plea negotiations, plaintiff-appellee, the State of Ohio, dismissed the firearm specification and appellant entered a guilty plea to the one count of murder. The court accepted the plea negotiation and, on motion from the state without objection from appellant, proceeded immediately to perform the Crim.R. 11 colloquy and then sentence appellant.

{¶3}   The facts regarding appellant's colloquy are in dispute. The state asserts that the trial court conducted the colloquy properly. Appellant asserts that the trial court made confusing or contradictory statements between the colloquy and its subsequent judgment entry. Specifically, appellant asserts that the sentencing judgment entry stated he had the possibility of days of earned credit off of his minimum sentence. However, appellant later learned from the Department of Rehabilitation and Corrections that this was not true.

{¶4}   After the colloquy, the trial court sentenced appellant to imprisonment for life with the possibility of parole after fifteen years and 261 days of credit for time served.

{¶5}   Appellant then filed a motion for a delayed appeal seeking to overturn his conviction in this Court. Appellant's motion for a delayed appeal was granted and appellant was appointed appellate counsel. However, appellant later filed a motion to dismiss his appeal which this Court also granted.

{¶6}   Appellant then filed a pro se motion to vacate his sentence and to withdraw his guilty plea in the Noble County Court of Common Pleas. Appellant argued that his sentence and guilty plea were void because he was not informed by the trial court that he was ineligible for probation and because he was under the

belief that he was eligible for days of earned credit off of his minimum sentence but was later informed by the Ohio Department of Rehabilitation and Corrections that this was not true.

{¶7} On December 6, 2016, the trial court denied appellant's motion to vacate his sentence and withdraw his guilty plea. Appellant timely filed this pro se appeal on December 29, 2016. Appellant raises two assignments of error.

{¶8} Appellant's first assignment of error states:

THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN ITS ACCEPTANCE OF A GUILTY PLEA WHICH WAS NOT KNOWING, INTELLIGENT AND VOLUNTARY, IN VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

{¶9} Appellant argues that he was not fully advised of the potential penalties of his guilty plea to murder. Specifically, appellant argues that he was under the impression that he was eligible to receive earned days of credit off of his minimum sentence. In essence, appellant was under the impression he was eligible for early release before his minimum sentence was served. However, appellant was later informed after his guilty plea that this was not true which, he contends, renders his guilty plea void.

{¶10} Generally, a motion to withdraw a plea must be made prior to sentencing. *State v. Ortiz,* 7th Dist. No. 15 MA 0023, 2016-Ohio-4813, ¶ 7. However, a trial court is permitted to allow a defendant to withdraw his plea to correct a manifest injustice. *State v. Foose*, 7th Dist. No. 11 MA 206, 2012-Ohio-6273, ¶ 4-6 citing Crim.R. 32.1. When a defendant seeks to withdraw a guilty plea after a sentence has been imposed, he bears the burden of demonstrating the existence of manifest injustice. *Ortiz* citing *State v. Smith*, 49 Ohio St.3d 261, 267, 477 N.E.2d 627

(1977).

**{¶11}** While the term manifest injustice has been variously defined, under such standard, a post sentence withdrawal motion is allowable only in extraordinary cases. *Smith* at 264 citing *United States v. Semel*, 347 F.2d 228 (4th Cir. 1965). The standard rests upon practical considerations important to the proper administration of justice and seeks to avoid the possibility of a defendant pleading guilty to test the weight of potential punishment. *Id.* citing *Kadwell v. United States*, 315 F.2d 667, 670 (9th Cir. 1963).

**{¶12}** The trial court's decision to deny a motion to withdraw a guilty plea is reviewed for an abuse of discretion. *State v. Caraballo*, 17 Ohio St.3d 66, 477 N.E.2d 627 (1985). Abuse of discretion implies that the court acted in an unreasonable, arbitrary, or unconscionable manner. *State v. Herring*, 94 Ohio St. 3d 246, 2002-Ohio-796, 762 N.E.2d 940.

**{¶13}** Pursuant to Crim.R. 11(C)(2), the trial court, in felony cases, shall not accept a guilty plea without first addressing the defendant personally and advising him of the following:

    (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

    (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

    (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor,

and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Crim.R. 11(C)(2)(a)-(c).

**{¶14}** Appellant argues that he was under the impression that he was eligible for days of earned credit off of his minimum sentence. Appellant points to the trial court's judgment entry dated April 8, 2013. Essentially, appellant contends that while he understood he would be sent to prison for a minimum period of time, at all times, he was under the impression he could be released before he served the minimum sentence with earned days of credit. Appellant contends that this is a violation of Crim.R. 11(C)(2).

**{¶15}** A review of the change of plea/sentencing transcript shows that the court advised appellant of the constitutional rights appellant would be waiving by entering a guilty plea including: his right against self-incrimination, his right to a jury trial, the right to confront and cross-examine witnesses against him, the right to subpoena witnesses in his defense, and the right to have the prosecution prove its case beyond a reasonable doubt. (Sent. Tr. 2-6). The transcript also shows that appellant pled guilty voluntarily. (Sent. Tr. 4).

**{¶16}** The trial court also made numerous references to a written three page guilty plea that appellant confirmed he signed. (Sent Tr. 6). The written guilty plea states that appellant was informed his maximum stated prison term was life, the maximum fine he could receive was $15,000.00, and a prison term was mandatory. Through the written guilty plea, appellant was informed of his potential maximum penalty and, because appellant's prison term was mandatory, he was ineligible for probation or community corrections.

**{¶17}** The trial court sentenced appellant to an indefinite term of imprisonment between fifteen years and life. (Sent. Tr. 10). The transcript also shows that the trial court gave appellant 261 days of time served as he was incarcerated since the day of his arrest. (Sent. Tr. 10-11).

**{¶18}** A trial court must strictly comply with Crim.R. 11(C)(2) regarding federal constitutional rights, but need only substantially comply with the rule regarding non-constitutional rights. *State v. Abuhashish*, 6th Dist. No. WD-07-048, 2008-Ohio-3849, ¶ 32 citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977). Knowledge of the minimum and maximum sentences is not constitutionally required, the test is whether the plea would otherwise have been made. *Stewart* at 93 citing *Kelleher v. Henderson*, 531 F.2d 78 (2nd Cir. 1976). In this case, the trial court informed appellant of all of his constitutional rights and appellant was informed of his potential maximum sentences and that a prison term was mandatory.

**{¶19}** In the trial court's sentencing entry dated April 8, 2013, the trial court stated that it did advise appellant about the possibility of earned credit while in prison. However, the change of plea/sentencing transcript does not reflect anything regarding earned days of credit. It cannot be said that appellant relied on the trial court's statement in the April 8, 2013 judgment entry about a possibility of receiving earned days of credit when appellant changed his plea from not guilty to guilty before said judgment entry.

**{¶20}** Furthermore, the sentencing entry states "Pursuant to § 2967.193 of the Ohio Revised Code, the Court advised the Defendant as to the possibility of Earned Credit while in prison." However, R.C. 2967.193(C)(2) states no person confined in a state correctional institution who is serving a prison term or a term of life imprisonment for murder shall be awarded any days of credit. As appellant was convicted of murder and sentenced to fifteen years to life imprisonment, appellant was not eligible for earned credit.

**{¶21}** Appellant received all of his proper advisements and was made aware of his potential maximum penalties through his written guilty plea which the trial court referenced to appellant multiple times. The trial court also did not mention earned days of credit during the change of plea/sentencing hearing. Finally, the sentencing entry merely stated a "possibility" of receiving earned credit, not a certainty. As this occurred after the sentencing it could not have affected appellant's plea.

**{¶22}** Accordingly, appellant's first assignment of error lacks merit and is overruled.

**{¶23}** Appellant's second assignment of error states:

TRIAL COUNSEL WAS DEFICIENT IN HIS REPRESENTATION OF THE APPELLANT FOR PERMITTING THE APPELLANT TO ENTER A PLEA TO A CHARGE THAT HE WAS NOT FULLY AWARE OF THE PENALTIES INVOLVED AND TRIAL COUNSEL'S FAILURE TO CLARIFY WHETHER OR NOT APPELLANT COULD RECEIVE TIME OFF THE MINIMUM PART OF HIS SENTENCE AMOUNTED TO INEFFECTIVE ASSISTANCE OF COUNSEL.

**{¶24}** Appellant argues his trial counsel was ineffective for two reasons. First, appellant argues his trial counsel failed to inform him that he would have to serve the full fifteen years. Second, appellant argues that his trial counsel erroneously advised him to accept a plea agreement that would render him ineligible for earned credit. Appellant contends that these render his trial counsel ineffective because his trial counsel knew appellant was under the impression that he would be eligible for earned credit.

**{¶25}** When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *State v. Sanders*, 94 Ohio St. 3d 150, 2002-Ohio-350, 761 N.E.2d 18 citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Furthermore, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id. Strickland* charges reviewing courts to apply a heavy measure of deference to counsel's judgments and to indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *Id.*

**{¶26}** The state points out the Ohio Supreme Court's decision in *State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819 (1980). In *Jackson*, the Court held that the petitioner bears the initial burden in a post-conviction proceeding to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and also that the defense was prejudiced by counsel's ineffectiveness. *Id.* at 111.

**{¶27}** It is worth noting that appellant did submit evidentiary materials attached to his brief. However, the materials he submitted are: the transcript of the change of plea/sentencing hearing, the written guilty plea, and the trial court's judgment entry dated April 8, 2013. All of these are already in the record and have been addressed above.

**{¶28}** It is also worth noting that appellant was charged with one count of murder in violation of R.C. 2903.02(A), an unclassified felony, with a firearm specification pursuant to R.C 2941.145. Appellant was facing a minimum sentence of fifteen years of incarceration for the murder charge with an additional mandatory three years of incarceration for the firearm specification for a total of eighteen years. Appellant's trial counsel was able to obtain a plea agreement in which the prosecution agreed to dismiss the firearm specification.

**{¶29}** Moreover, the following excerpt was taken from the change of plea/sentencing hearing transcript:

> **Court**: Now you've talked, you've conferred with Mr. Blakeslee [appellant's trial counsel] about why we're here today?
>
> **Mr. Morrison**: Yes sir.
>
> **Court**: Has Mr. Blakelsee explained to you the nature of the charge of murder, the elements, the things that the State would need to prove beyond a reasonable doubt before you could be convicted. The possible penalties associated with a conviction and then the possible pleas that you could enter. Have all those been explained to you by Mr. Blakeslee?

**Mr. Morrison**: Yes.

**Court**: Do you desire any further explanation from the Court on any one of those matters?

**Mr. Morrison**: No sir.

Sent. Tr. 2.

{¶30} Appellant argues that his trial counsel failed to inform him fully of various things concerning his plea agreement, including the fact that appellant would have to serve a full fifteen years before being considered for parole and appellant's ineligibility to receive earned days of credit. However, the record contains no specific facts concerning appellant's allegations. Because the *Strickland* test requires a heavy amount of deference to the actions of trial counsel, without specific facts in the record which point to potential inadequacies of appellant's trial counsel, it cannot be said that appellant's trial counsel's assistance fell below an objective standard of reasonableness.

{¶31} Moreover, even if appellant's trial counsel's actions did fall below an objective standard of reasonableness, there is no evidence in the record to indicate that appellant was prejudiced by any action of his trial counsel.

{¶32} Accordingly, appellant's second assignment of error lacks merit and is overruled.

{¶33} For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs

Robb, P.J., concurs