[Cite as *State v. Scott*, 2018-Ohio-1341.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO.17 BE 0001 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| JAMES T. SCOTT | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from the County Court,
Northern Division, of Belmont County,
Ohio
Case No. 16 TRD 1267-01

JUDGMENT:     Affirmed.

APPEARANCES:

For Plaintiff-Appellee:     Atty. Daniel P. Fry
Belmont County Prosecutor
Atty. Scott Lloyd
Assistant Prosecuting Attorney
147-A West Main Street
St. Clairsville, Ohio  43950
No Brief Filed

For Defendant-Appellant:     Atty. John M. Jurco
John M. Jurco LLC
P.O. Box 783
St. Clairsville, Ohio  43950

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated:  March 30, 2018

WAITE, J.

**{¶1}** Appellant James T. Scott appeals his conviction and sentencing in the County Court, Northern Division, of Belmont County, Ohio on one count of driving under an OVI suspension. Appointed appellate counsel for Appellant has filed a no merit brief and a request to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.E.2d 493 (1967), and *State v. Toney*, 23 Ohio App.2d 203, 262 N.E.2d 419 (1970). Appellant has filed a one-page document which this Court has determined would be treated as a *pro se* brief. (9/20/17 J.E.) Based on the following, there are no non-frivolous appealable issues in this matter and the judgment of the trial court is affirmed. Counsel's motion to withdraw is granted.

### Facts and Procedural History

**{¶2}** On August 20, 2016, Appellant was operating a motorcycle in Pultney Township when an officer effectuated a traffic stop. As a result, Appellant was charged with driving under an OVI suspension pursuant to R.C. 4510.14, a first-degree misdemeanor. He was also charged with having no motorcycle endorsement in violation of R.C. 4510.12(A)(2), and having no motorcycle helmet under R.C. 4511.53, both minor misdemeanors. He was arraigned and pleaded not guilty to the charges.

**{¶3}** At a hearing, Appellant subsequently agreed to plead guilty to driving under an OVI suspension, and the state moved to dismiss the other two charges. (12/16/16 Tr., pp. 3-4; 12/16/16 J.E.) The trial court explained the maximum penalty for the charge and the effect of a guilty plea and accepted Appellant's plea. (12/16/16 Tr., pp. 4-5.) The matter proceeded immediately to sentencing. The state

made no recommendation as to the sentence. At the hearing, Appellant apologized for his conduct. The trial court noted that this was his seventh conviction for either driving with a suspended license or without a valid driver's license. (12/16/16 Tr., pp. 7-8.) Appellant explained that a number of the offenses occurred when he was traveling to work. While the trial court acknowledged Appellant's need to get to work, he was reminded it did not provide an excuse to violate the law. While the court appreciated that Appellant took responsibility for his conduct, the judge noted that the court could not ignore that this was Appellant's seventh offense. (12/16/16 Tr., p. 8.) Accordingly, the trial court sentenced him to 180 days in jail, with 120 days suspended, along with fines, court costs, an operator's license suspension and two years of conditional probation. (12/16/16 Tr., pp. 8-9; 12/16/16 J.E.)

**{¶4}** It is from this judgment that Appellant timely appeals. In a judgment entry dated January 10, 2017, the trial court granted Appellant's motion to stay his sentence pending appeal.

No Merit Brief

**{¶5}** An attorney appointed to represent an indigent criminal defendant may seek permission to withdraw if the attorney can show that there is no merit to the appeal. See generally *Anders*, 386 U.S. 738. To support such a request, appellate counsel is required to undertake a conscientious examination of the case and accompany his or her request for withdrawal with a brief referring to anything in the record that might arguably support an appeal. *Toney* at 207. The defendant is then given the opportunity to raise, *pro se*, any assignments of error he chooses. *Id.* at

syllabus. The reviewing court must then decide, after a full examination of the proceedings and counsel's and the defendant's filings, whether the case is wholly frivolous. *Id.* If deemed frivolous, counsel's motion to withdraw is granted, new counsel is denied, and the trial court's judgment is affirmed. *Id.*

**{¶6}** In the typical *Toney* case involving a guilty plea, the only issues that can be reviewed relate to the plea or the sentence. See, e.g., *State v. Verity*, 7th Dist. No. 12 MA 139, 2013-Ohio-1158, ¶ 11.

**{¶7}** "To ensure that pleas are knowingly, intelligently, and voluntarily made, Crim.R. 11 sets forth specific procedural requirements the trial court must follow, depending upon the level of offense to which the defendant is pleading." *State v. Hough*, 7th Dist. No. 10 MA 178, 2011-Ohio-6425, ¶ 12, citing *State v. Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419, 88 N.E.2d 635, ¶ 25. A trial court's acceptance of a defendant's plea of guilty or no contest to a petty misdemeanor traffic offense is governed by Traf.R. 10(D). *Watkins*, 99 Ohio St.3d 12, at syllabus; *State v. Tribble*, 7th Dist. No. 13 MA 50, 2014-Ohio-4164, ¶ 16-17.

**{¶8}** A "petty offense" is defined in Traf.R. 2 as "an offense for which the penalty prescribed by law includes confinement for six months or less." Traf.R. 2(D). Appellant entered a plea to one count of driving under an OVI suspension in violation of R.C. 4510.14, which is a first-degree misdemeanor punishable by up to 180 days in jail and therefore a petty offense. R.C. 4510.14(B); R.C. 2929.24(A)(1).

**{¶9}** Pursuant to Traf.R. 10(D), "[i]n misdemeanor cases involving petty offenses, except those processed in a traffic violations bureau, the court may refuse

to accept a plea of guilty or no contest and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." A trial court complies with Traf.R. 10(D) "by informing the defendant of the information contained in Traf.R. 10(B)." *Watkins* at syllabus. A court must inform a defendant that "[t]he plea of guilty is a complete admission of the defendant's guilt." Traf.R. 10(B)(1).

{¶10} In the instant matter, after explaining the charge and maximum penalty, the trial court asked Appellant: "And do you understand that if you enter a plea of guilty, that it is a complete admission of your guilt, and you're giving up all of your Constitutional rights?" (12/16/16 Tr., pp. 4-5.) Appellant answered in the affirmative. This colloquy complied with Traf.R. 10(D) and there are no appealable issues regarding Appellant's plea.

{¶11} Regarding Appellant's sentence:

The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public.

R.C. 2929.21(A). See also R.C. 2929.21(B) (the sentence "shall be reasonably calculated to achieve the two overriding purposes * * * commensurate with and not

demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders.")

**{¶12}** Pursuant to R.C. 2929.22(A), a trial court imposing a misdemeanor sentence has the "discretion to determine the most effective way to achieve the purposes and principles of sentencing" provided in R.C. 2929.21. Unless a specific sentence is required, a court imposing a sentence for a misdemeanor may impose any sanction or combination of sanctions provided under R.C. 2929.24 through 2929.28. R.C. 2929.22(A).

**{¶13}** Pursuant to R.C. 2929.22(B)(1), the court shall consider seven factors in determining the appropriate sentence for a misdemeanor, including the nature and circumstances of the offense, whether the offender has a history of criminal activity, the offender's history and character relative to the risk of being a danger to others, and the circumstances of the victim. Additionally, the sentencing court may consider any other relevant factor. R.C. 2929.22(B)(2). Before imposing a jail term, the trial court is to consider the appropriateness of imposing a community control sanction. R.C. 2929.22(C).

**{¶14}** Here, the maximum sentence is 180 days; the trial court imposed a 180-day sentence, with 120 days suspended, along with fines, court costs, an operator's license suspension and two years of probation.

**{¶15}** "A misdemeanor sentence is reviewed for an abuse of discretion." *State v. Burley*, 7th Dist. No. 16 MA 0076, 2017-Ohio-378, ¶ 11, citing *State v. Nuby*,

7th Dist. No. 16 MA 0036, 2016-Ohio-8157, ¶ 10, citing *State v. Reynolds*, 7th Dist. No. 08-JE-9, 2009-Ohio-935, ¶ 9. An abuse of discretion means the trial court's decision clearly appears unreasonable based on the record; that the appellate court may have reached a different result is not enough to warrant reversal. *State v. Dixon*, 7th Dist. No. 10 MA 185, 2013-Ohio-2951, ¶ 21.

**{¶16}** The trial court considered the fact that Appellant took responsibility for his conduct. However, the court balanced this with the fact that he was a repeat offender, noting that this was his seventh conviction for either driving with a suspended license or without a valid driver's license. (12/16/16 Tr., pp. 7-9.) Based on the totality of the circumstances, the sentence was reasonable and did not amount to an abuse of discretion.

**{¶17}** In his *pro se* argument to this Court, Appellant contends his conviction was erroneous because his license was not subject to an OVI suspension at the time he was charged. In support, he relies on information that is outside of the record in this case: statements purportedly made to him by the trial judge during a Guernsey County proceeding in 2014. However, "[a] direct appeal is not the proper forum in which to raise errors that depend on evidence outside of the record." *State v. Lyons*, 7th Dist. No. 14 BE 28, 2015-Ohio-3325, ¶ 1. Moreover, a valid guilty plea generally waives factual challenges on appeal. See *State v. Foose*, 7th Dist. No. 11 MA 206, 2012-Ohio-6273, ¶ 7; *State v. Price*, 10th Dist. No. 02AP-1215, 2003-Ohio-4764, ¶ 27.

**{¶18}** In sum, a complete review of this record reveals that there are no non-frivolous appealable issues.  The judgment of the trial court is affirmed and counsel's motion to withdraw is granted.

Donofrio, J., concurs.

Robb, P.J., concurs.